IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOE F. FULLER, SR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-CV-905-FJG |
| | ) |
| JOE CHRISTIANSEN, et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF
DEFENDANT CHRISTIANSEN AND DEFENDANT DESIGNATED AS
"INDEPENDENCE POLICE DEPARTMENT"**

COME NOW Defendant Christiansen and the Defendant designated as "Independence Police Department" (hereinafter "Answering Defendants"), by and through their undersigned counsel of record, and for their Answer to Plaintiff's "Commencement of Action" (which Answering Defendants interpret as Plaintiff's Complaint and refer to hereinafter as "Complaint"), state and allege to the Court as follows.

1. Answering Defendants admit Defendant Christiansen deployed a Taser on Plaintiff on April 2, 2006, but deny the balance of the allegations, matters and averments made or contained in those portions of Plaintiff's Complaint entitled "Facts" and "Statement of Facts."

2. Answering Defendants deny the allegations, matters and averments made or contained in that portion of Plaintiff's Complaint entitled "Relief Sought."

3. Answering Defendants deny each and every other allegation, matter and averment made or contained in Plaintiff's Complaint not specifically and previously admitted herein.

4. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendants and fails to state a claim upon which relief may be granted against them so that the same should be dismissed at Plaintiff's costs.

5. For other affirmative answer and defense, Answering Defendants allege that any and all actions or acts committed by them or on their behalf were discretionary in nature and taken in good faith, and that these Defendants are protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

6. For other affirmative answer and defense, Answering Defendants allege they acted with objective reasonableness under the circumstances then existing and their conduct was justified and/or privileged.

7. For other affirmative answer and defense, Answering Defendants allege that Plaintiff's damages, if any, were proximately caused by his own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendants and whose fault should be compared.

8. For other affirmative answer and defense, Answering Defendants state that to the extent, if any, that Plaintiff's Complaint attempts to state any cause of action under Missouri state law, Answering Defendants are protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of R.S.Mo. § 537.600, *et seq*.

9. For other affirmative answer and defense, Answering Defendants state that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fails to present a justiciable claim and/or has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

10. For other affirmative answer and defense, Answering Defendants state that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

(a) The standards by which Answering Defendants' conduct are to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendants of the potential repercussions of their alleged conduct, and are subject to the unbridled discretion of the fact finder thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution;

(c) Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d) Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e) Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f) Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g) Plaintiff's request for punitive damages cannot protect Answering Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h) An award of punitive damages would violate Answering Defendants' due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i) To the extent Answering Defendants are being sued in their representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against them, and because punitive damages may not be awarded against a governmental entity in a claim under 42

U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.;*

(j)  To the extent Answering Defendants are being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

11.  For other affirmative answer and defense, Answering Defendants state Plaintiff's claims are barred by the fact that he has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e(a).

12.  For other affirmative answer and defense, Answering Defendants state that in the event Plaintiff is entitled to, or is awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e(e).

13.  For other affirmative answer and defense, Answering Defendants state the Defendant identified as "Independence Police Department" is not a legal separate entity amenable to suit and, therefore, it should be dismissed.

14.  Answering Defendants reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, based upon the above and foregoing, Answering Defendants respectfully pray to be henceforth dismissed, awarded their costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Answering Defendants demand a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ David S. Baker
DAVID S. BAKER, (dbaker@fisherpatterson.com)  #30347

PETER MAHARRY (pmaharry@fisherpatterson.com) #54956
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, KS 66210
(913) 339-6757; Fax: (913) 339-6187
*Attorney for Defendants Christiansen and*
*the Defendant designated as*
*"Independence Police Department"*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be delivered to the following a true and correct copy of the above and foregoing, by depositing same in the United States Mail, postage prepaid, on the 7th day of December, 2007:

Joe F. Fuller, Sr.
1300 Cherry St.
Kansas City, MO 64106
*Pro Se Plaintiff*

      /s/ David S. Baker
DAVID S. BAKER